ORIGINAL   RECEIPT NUMBER

517467   21

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

H. RICHARD FRUEHAUF, JR.,

        Plaintiff,

vs.

FRUEHAUF PRODUCTION COMPANY,
LLC, a Michigan Limited Liability Company,

        Defendant.

Case No. **04-74625**

Hon.

BERNARD A. FRIEDMAN
MAGISTRATE JUDGE CAPEL,

---

CLARK HILL PLC
Timothy D. Wittlinger (P22490)
Patrick G. Kruse (P55953)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

U.S. DIST. COURT CLERK
EST. DIST. MICH.
FLINT-PSG
'04 NOV 24 P3 47
FILED

---

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in this Complaint.

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff, H. Richard Fruehauf, Jr., through his attorneys, Clark Hill PLC, states as

follows for his Verified Complaint for Injunctive and Other Relief against defendant Fruehauf

Production Company, LLC:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff H. Richard Fruehauf, Jr. ("Mr. Fruehauf") is a citizen of the State of

Florida. Mr. Fruehauf has verified the factual allegations in this Complaint by his Affidavit. *Ex.*

*1.*

2.     Defendant Fruehauf Production Company ("FPC") is a Michigan limited liability company that conducts business and maintains an office in Otsego, County, Michigan at 990 South Wisconsin, Gaylord, Michigan, 49735.  Harry R. Fruehauf, III is its registered agent, and its mailing address is P.O. Box 160, Gaylord, Michigan, 49734.  Its registered agent for service of process in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, MI., 48025.  It is a citizen of only the state of Michigan.

3.     This is an action for injunctive relief, imposition of a constructive trust, and a complaint to compel arbitration.  Jurisdiction is proper in this Court pursuant to 18 U.S.C. § 1332, as there exists complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.     Venue is proper in this Court and in this Division pursuant to 18 U.S.C. § 1391(a), because defendant FPC resides, is subject to personal jurisdiction, conducts business and maintains an office in Otsego County, Michigan.

## GENERAL ALLEGATIONS

5.     Mr. Fruehauf is a former member of FPC.  As a member of FPC, Mr. Fruehauf owned 30% of FPC, with Harry Fruehauf owning 70%.

6.     FPC is the General Partner in Fruehauf Antrim Production Company ("FALP"), which, with a certain limited partner, was formed for the purpose of exploiting certain oil and gas opportunities.

7.     Mr. Fruehauf and FPC, among others, are parties to a certain Separation Agreement dated January 1, 2003.  According to the terms of that agreement, Mr. Fruehauf relinquished his ownership interest in FPC.  As such, Harry Fruehauf thus became the 100% owner of FPC.  *Ex. 2*, Excerpt of Separation Agreement.

2

8.      According to the terms of the applicable FALP partnership agreement, once the limited partner received a certain level of return on its investment, (such event being referred to as the "Reversion Point,") FPC's allotted share of the revenue and distributions from FALP was to increase from 1% to 25% ("the back-in interest").

9.      According to the terms of the FPC Operating Agreement, Mr. Fruehauf was entitled to a distribution of his share (30%) of the 25% return after the back-in interest was achieved.

10.      At the time Mr. Fruehauf relinquished his ownership interest in FPC under the Separation Agreement, however, FPC was in the midst of a dispute with the limited partner of FALP over whether revenues and distributions had risen to the threshold necessary to trigger the back-in interest. *Ex. 2*, Excerpt of Separation Agreement.

11.      Because of the dispute, the parties to the Separation Agreement were unable at that time to determine value of Mr. Fruehauf's 30% interest in FPC. Therefore, the parties agreed, according to the express terms of the agreement, that FPC would hold Mr. Fruehauf's 30% allocation in any 25% back-in interest in trust for Mr. Fruehauf. The Separation Agreement provides specifically as follows:

> FPC shall assign to [Mr. Fruehauf], at Closing, a thirty percent (30%) contingent interest in such twenty-five percent (25%) back-in working interest which assignment shall be effective and vest only if such back-in actually occurs.
>
> \* \* \*
>
> In the event that assignment of a portion of such back-in to [Mr. Fruehauf] cannot be accomplished for legal reasons, FPC shall hold such back-in interest in trust for [Mr. Fruehauf] such that he is able to realize the full benefit and obligation of [Mr. Fruehauf's] share of such back-in interest.

*Id.*

12.     Mr. Fruehauf also conveyed to FPC the right and authority to negotiate with regard to the dispute over the achievement of the thresholds with the limited partner. *Id.* Importantly, however, only the right and authority to negotiate was conveyed, in the context of the trust relationship, and no power of attorney or other authority to bind Mr. Fruehauf with respect to the back-in interest was conveyed, it being the intent of the Separation Agreement to preserve and protect Mr. Fruehauf's right to receive back-in revenue upon resolution of the dispute with the FALP limited partner.

13.     On or about August 13, 2003, the FALP limited partner commenced litigation ("the Litigation") to resolve the dispute with FPC over whether the back-in threshold had been achieved. FPC did not inform Mr. Fruehauf of the Litigation. Mr. Fruehauf later learned of the Litigation and demanded to be kept informed, consistent with FPC's obligations under the Separation Agreement. *Ex. 3,* February 2004 Correspondence.

14.     On or about November 19, 2004, Mr. Fruehauf was informed by counsel for FPC that FPC had negotiated a settlement in principle to resolve the Litigation, subject to various contingencies to be worked out before finalizing the settlement. In fact, at the time, FPC had actually already signed a definitive settlement agreement to be closed on or before December 1, 2004. The terms of the agreement are confidential, and Mr. Fruehauf agreed to maintain confidentiality of same in order to persuade FPC to provide him a copy of same. A copy of the agreement is in the possession of FPC and (to protect the confidentiality agreement) will be provided *in camera* to the Court.

15.     The monetary proceeds of the settlement between FPC and the FALP limited partner are in settlement of the back-in dispute, which was the subject of the Litigation, and in which Litigation, FPC consistently maintained that the payout threshold has been achieved.

4

16.     As the beneficiary of the interest conveyed in trust under the Separation Agreement, Mr. Fruchauf has demanded to be kept reasonably informed of the status of the interest FPC holds in trust for his benefit in 30% of any 25% back-in and all negotiations that may affect its value.

17.     FPC has failed to keep Mr. Fruchauf reasonably informed as follows:

* FPC did not disclose the existence of the Litigation;

* When Mr. Fruchauf originally learned of the existence of the Litigation by word of mouth and demanded complete information, FPC failed to promptly respond;

* FPC, despite multiple demands, has failed to provide Mr. Fruchauf copies of pleadings and updates as to the status of the matter and settlement negotiations; and,

* FPC, despite Mr. Fruchauf's agreement to maintain confidentiality of the settlement agreement, has refused to provide Mr. Fruchauf a copy of same in accordance with its obligations as trustee for Mr. Fruchauf to keep him reasonably informed and act in his best interest.

18.     As beneficiary of the interest, Mr. Fruchauf has demanded that the settlement proceeds not be commingled with the other assets of FPC or otherwise distributed to FPC until resolution of the allocation issues as between FPC and Mr. Fruchauf. *Ex. 4*, November 2004 Correspondence.

19.     FPC has released the settlement agreement subject to a confidentiality agreement, but intends to close the settlement, receive the proceeds, and commingle them with the general funds of FPC, thereby subjecting Mr. Fruchauf's preexisting beneficial interest subject to the claims of FPC's creditors and otherwise interfering with Mr. Fruchauf's rights as beneficiary with respect to the back-in as set forth in the Separation Agreement.

20.     FPC has confirmed that its position, contrary to the Separation Agreement, is that Mr. Fruchauf is not entitled to any allocation of the proceeds of the settlement. *Ex. 5*, November 23, 2004 Correspondence.

5

21.     Based on past experience, Mr. Fruchauf believes that FPC will distribute the settlement proceeds, ignoring Mr. Fruchauf's rights, thereby forcing Mr. Fruchauf to litigate or arbitrate to chase recovery on rights he lawfully negotiated under the Separation Agreement.

22.     Upon information and belief, the proposed settlement agreement contains patent misrepresentations of fact, from FPC to the limited partner, with regard to FPC's denial of the existence of Mr. Fruchauf's claims, the facts of which will be revealed in the course of this matter through discovery.

## COUNT I – CONSTRUCTIVE TRUST

23.     The previous paragraphs are incorporated by reference.

24.     A constructive trust may be imposed under Michigan law any time it is necessary to do equity and avoid unjust enrichment. *See, e.g., Metropolitan Life Ins. Co., v Mulligan*, 210 F.Supp. 2d 894 (E.D. Mich. 2002).

25.     If FPC commingles the settlement proceeds with its general funds, it will subject those proceeds which are allocated to Mr. Fruchauf's interest to the claims of creditors of FPC, thereby obliterating Mr. Fruchauf's beneficial status with respect to said proceeds.

26.     To the extent that FPC receives the proceeds and commingles them, for its own use or for the benefit of its creditors, FPC will be unjustly enriched.

27.     To the extent that the allocation of the proceeds must be arbitrated, a constructive trust over the full amount of the proceeds of the settlement will ensure that Mr. Fruchauf's beneficial interest is protected for purposes of appropriate allocation by agreement of the parties or by arbitration.

28.     A constructive trust is necessary to prevent inequity to the beneficiary, Mr. Fruchauf.

6

29.     Imposition of a constructive trust will preserve the status quo until a determination of the parties rights and interest to the entrusted funds can be established.

30.     No harm will come to FPC by imposing a constructive trust over the settlement proceeds.

WHEREFORE, Mr. Fruehauf respectfully requests that the Court impose a constructive trust over the full amount of any settlement proceeds received by FPC from the limited partner, and order FPC as trustee of Mr. Fruehauf's interest in the back-in, to place said settlement proceeds in escrow pending the parties resolution of how said proceeds will be allocated by agreement of the parties or arbitration, order that FPC pay Mr. Fruehauf's attorney fees in enforcing FPC's trust obligations in this matter, and award such other relief as the Court deems proper, in equity and good conscience.

## COUNT II – INJUNCTIVE RELIEF

31.     The previous paragraphs are incorporated by reference.

32.     As set forth above, FPC holds Mr. Fruehauf's interest in the back-in in trust for Mr. Fruehauf's benefit.

33.     FPC is moving forward with a settlement agreement in the Litigation that will, upon information and belief, resolve and release claims of FPC and Mr. Fruehauf for payment on the back-in interest, which plainly prejudices Mr. Fruehauf's rights and would permanently bind him to the terms of the settlement.

34.     A Temporary Restraining Order and Preliminary Injunction are necessary to prevent irreparable harm that prejudices these rights and renders the assignment in trust meaningless, or converts it into an outright assignment with no trust relationship, plainly contrary to the parties' intent.

7

35.     Mr. Fruehauf has no adequate remedy at law to enforce the obligations of FPC as trustee and to avoid permanent resolution of his interest in the back–in or any related settlement proceeds.

36.     The Separation Agreement provides for arbitration of disputes, and Mr. Fruehauf is prepared to resolve the present dispute through arbitration.  However, interim relief is necessary pending arbitration to avoid FPC entering into the settlement without providing full information to Mr. Fruehauf, and/or commingling or otherwise dissipating the assets and permanently and irreparably frustrating the preferred rights of Mr. Fruehauf as beneficiary.

WHEREFORE, Mr. Fruehauf requests that the Court enter preliminary and permanent injunctive relief, including a temporary restraining order pending a hearing on a motion for preliminary injunction, enforcing plaintiffs' rights under law and the agreements, requiring that FPC:

- Segregate by way of an escrow account the proceeds of any settlement with the limited partner pending arbitration or resolution of the allocation dispute between the parties; and,

- Provide Mr. Fruehauf a full accounting of the settlement negotiations, all drafts of any settlement agreements related to the dispute between FPC and the limited partner, and all other information necessary to reasonably inform Mr. Fruehauf of the status of his interest, including FPC's proposed allocation of the settlement proceeds as between FPC as trustee and Mr. Fruehauf as beneficiary;

along with an order that FPC pay Mr. Fruehauf's attorney fees in enforcing FPC's trust obligations in this matter, and any other relief the Court deems proper, in equity and good conscience.

## COUNT III – DECLARATORY JUDGMENT

37.     The previous paragraphs are incorporated by reference.

38.     Under 28 U.S.C. § 2201, this Court has the authority to declare the parties' rights with respect to any "actual controversy within its jurisdiction."

8

39.     This case involves an actual controversy between the parties with respect to whether Mr. Fruchauf is entitled to treatment as a beneficiary of the trust relationship created by the Separation Agreement, and whether FPC has fiduciary obligations to act in the interests of Mr. Fruchauf as beneficiary.  *See Ex. 5.*

40.     FPC has taken the position that its interests are adverse to those of Mr. Fruchauf, maintaining that FPC has no special duties and no obligation to allocate any back-in interest.

41.     Mr. Fruchauf acknowledges the arbitrability of the issue as to the allocation of the settlement proceeds, but requires a declaration of the parties' rights under the Separation Agreement with respect to the trust relationship, in order to ensure FPC cannot ignore the trust relationship and act adversely to Mr. Fruchauf's interests as beneficiary with impunity.

WHEREFORE, Mr. Fruchauf requests that the Court enter an order declaring the parties rights with respect to the trust provision of the Separation Agreement, specifically declaring that FPC is trustee of Mr. Fruchauf's back-in interest, and that Mr. Fruchauf is beneficiary under the agreement, entitled to the benefits of the fiduciary relationship, along with an order that FPC pay Mr. Fruchauf's attorney fees in bringing this suit, and any other relief the Court deems proper, in equity and good conscience.

Respectfully submitted,

CLARK HILL PLC

By:  _____
Timothy D. Wittlinger (P22490)
Patrick G. Kruse (P55953)
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300
Attorneys For Plaintiffs

Date:  November 24, 2004

3345176v1
05634/048614

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

H. RICHARD FRUEHAUF, JR.,

       Plaintiff,

    vs.

FRUEHAUF PRODUCTION COMPANY,
LLC, a Michigan Limited Liability Company,

       Defendant.

Case No.

Hon.

| EXHIBIT |
| --- |
| 1 |

---

CLARK HILL PLC
Timothy D. Wittlinger (P22490)
Patrick G. Kruse (P55953)
Attorneys for Plaintiff
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
(313) 965-8300

---

## AFFIDAVIT OF H. RICHARD FRUEHAUF, JR.

    H Richard Fruehauf, Jr., being first duly sworn, deposes and states that he is the Plaintiff herein; that he has read the Complaint and has personal knowledge of the factual allegations contained in it; that all of the factual allegations are true to the best of his knowledge and belief; and that he would testify to same if called to testify as a witness in this matter.

          H. Richard Fruehauf, Jr.

Subscribed and sworn to before me
this 24th day of November 2004

Notary Public
My Commission Expires:

LINDA L. MEYERS KEECH
MY COMMISSION # DD 067508
EXPIRES: November 22, 2005
Bonded Thru Notary Public Underwriters

3344820v1
05634/048614

_FINAL_

MAR 13 2003

## SEPARATION AGREEMENT

EXHIBIT

tabbies

2

THIS SEPARATION AGREEMENT (the "Agreement") is made effective as of the 1st day of January, 2003 ["Effective Date"], by and among H. RICHARD FRUEHAUF, JR.—("Richard"), JANET A. FRUEHAUF ("Janet"), HARRY R. FRUEHAUF III ("Rick"), FRUEHAUF PRODUCTION COMPANY, L.L.C., a Michigan limited liability company ("FPC"), HRF EXPLORATION & PRODUCTION, INC., a Michigan Corporation ("HRF E&P"), FRUEHAUF, L.L.C., a Michigan limited liability company ("FLLC") and HRF ANTRIM LIMITED PARTNERSHIP, a Michigan limited partnership ("HRF ANTRIM"), all of the above listed entities sometimes being hereinafter referred to as ("the Parties").

### WITNESSETH:

WHEREAS, Richard and Rick together own all of the membership interests and outstanding shares of FPC, FLLC and HRF E&P and together own a substantial portion of the partnership interests of HRF ANTRIM (All such business entities being hereinafter referred to as "the Companies"); and

WHEREAS, Richard and Rick have agreed to separate their respective co-ownership of the Companies pursuant to the terms of this Agreement;

NOW, THEREFORE, in consideration of the promises and other good and valuable consideration set forth herein, it is agreed as follows:

I.   Assignments of Interest. In order to accomplish the separation of co-ownership of the Companies and to separate ownership of the real, personal and contractual properties owned by the Companies and associated with the business of the respective Companies, the following assignments of interest shall be made and delivered at Closing to be effective as of the Effective Date unless otherwise specified herein:

   A.   Assignments by Richard to Rick. Richard shall make and deliver the following assignments of interest to Rick:

      (i)   Assignment of Richard's Interest in FPC. Richard shall transfer, assign and deliver to Rick, Richard's entire right, title and interest, including, but not limited to Richard's membership interest, in and to FPC. FPC will distribute to Richard an amount equal to one-half (1/2) of Richard's federal income tax liability for the year 2002 (as estimated

such facilities and wells. Such use shall be upon the same cost basis as has historically been charged for use of such facilities and wells. The Parties shall also use their best efforts to transfer well permits for wells owned by or for the benefit of Sea O' Two out of HRF ANTRIM's name and shall do so as expeditiously as possible.

8.   FALP Back-in Working Interest. Pursuant to the terms of the Second Amended and Restated Agreement of Limited Partnership for Fruehauf Antrim Limited Partnership ("FALP") dated November 7, 1997, FPC may be entitled to a twenty-five percent (25%) back-in in certain leases, wells and revenues when certain benchmarks are attained as a result of production or sale of the wells. FPC shall assign to Richard, at Closing, a thirty percent (30%) contingent interest in such twenty-five percent (25%) back-in working interest which assignment shall be effective and vest only if such back-in actually occurs. Richard's share of any such back-in interest shall be subject to all existing agreements and shall continue to be operated subject to identical terms as the existing operating agreements in the event of a termination of FALP. FPC shall provide Richard, after Closing, with copies of all accounting which FPC is required to deliver to the limited partner pursuant to the FALP agreement. Richard understands that the point at which the benchmarks are reached is currently in dispute between FPC and the Limited Partner and Richard agrees that FPC shall have full right and authority to negotiate all matters pertaining to the FALP agreements.

In the event that an assignment of a portion of such back-in to Richard cannot be accomplished for legal reasons, FPC shall hold such back-in interest in trust for Richard such that he is able to realize the full benefit and obligation of Richard's share of such back-in interest.

Carthage Audit. HRF E&P is currently conducting a negotiation in an effort to resolve certain issues with its former agent for gas sales. In the event proceeds are received by FPC for its own account as a result of any settlement reached on this matter, FPC shall deliver thirty percent (30%) of such proceeds to Richard. Richard agrees to pay his pro rata share of all third party costs and attorney fees incurred to collect such amounts.

Engagement of Employees, Consultants and Professional Advisors. After Closing, the Parties agree that Richard (including any business entity formed by Richard) may employ or engage any person or firm as an employee, consultant or professional advisor, so long as that person or firm has not been employed or engaged by Rick, HRF E&P, FLLC or FPC, for a period of one (1) year from proposed employment by Richard and provided that the person or firm is not in breach of any agreement with Rick, FPC, FLLC or HRF E&P prior to the time of employment or engagement.



# CLARK HILL
**PLC**

A T T O R N E Y S   A T   L A W

500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Tel. (313) 965-8300 • Fax (313) 965-8252
www.clarkhill.com



EXHIBIT

3

Douglas J. Rasmussen
Phone: (313) 965-8234
E-Mail: drasmussen@clarkhill.com

November 22, 2004

BY FACSIMILE

Peter C. Forbes
Horowitz Wake & Forbes
3950 Republic Plaza
370 Seventeenth Street
Denver, CO. 80202

Re:   FPC/TIFD Settlement

Dear Mr. Forbes:

Thank you for your letter dated November 19, 2004.

I have attached with this letter a signed Confidentiality Agreement, executed by our client, H. Richard Fruehauf, Jr. Mr. Fruehauf's consent is limited to the terms set forth in the Confidentiality Agreement. While your letter makes reference to an "attached confirmation," no such "confirmation" document was attached, and Mr. Fruehauf does not consent to or otherwise confirm the other items set forth in your letter. As I mentioned to you in our telephone conversation after I received your November 19 letter, the letter does not accurately reflect our conversation on November 18.

Now that Mr. Fruehauf has agreed to maintain confidentiality, we hereby demand that you immediately provide us a copy of the proposed settlement agreement with TIFD. Inasmuch as FPC holds in trust an interest of our client that is directly affected by the settlement, our client is entitled to the information before the settlement is closed and the funds disbursed. If we do not receive the proposed settlement agreement by noon Eastern Standard Time on November 23, 2004, we will have no choice but to pursue other available remedies to protect our client's interest.

As I indicated to you, once we see the settlement agreement and have an opportunity to understand its terms, we stand ready to resolve allocation of the proceeds between your client and our client in good faith before the closing of the settlement. If we are unable to resolve the allocation of the proceeds, we will submit the issue to arbitration in accordance with Section 27 of the Separation Agreement.

3344495v1
05634/048614

*Detroit, Michigan* ■ *Birmingham, Michigan* ■ *Lansing, Michigan*

Peter C. Forbes
November 22, 2004
Page 2

Assuming the settlement agreement goes forward, we also demand that the proceeds of the settlement be segregated from FPC's other revenue or funds, preferably in an escrow account, with no distribution of the proceeds of the settlement until the allocation is resolved.

Finally, I believe it would be helpful to resolving this issue as quickly and efficiently as possible if you would forward along with the agreement, a summary of FPC's proposed allocation of the proceeds in light of its position as trustee for our client's interest.

I look forward to your immediate response.

Very truly yours,

CLARK HILL PLC

COPY

Douglas J. Rasmussen

3344495v1
05634 048614

# CLARK HILL
**PLC**

A T T O R N E Y S   A T   L A W

500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
Tel. (313) 965-8300 • Fax (313) 965-8252
www.clarkhill.com

**EXHIBIT**

tabbies

4

Douglas J. Rasmussen
Phone: (313) 965-8234
E-Mail: drasmussen@clarkhill.com

February 3, 2004

## VIA FACSIMILE AND U.S. MAIL

Mr. Vernon R. Proctor
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899

Mr. David S. Steefel
Holme Roberts & Owen LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203

> Re:  *TIFD III-X LLC v. Fruehauf Production Company, LLC, and Fruehauf Antrim Limited Partnership, Del. Ch. Ct. Case No. 20488-N.C.*

Dear Counsel:

This firm represents H. Richard Fruehauf, Jr. ("Richard"), a former member of Fruehauf Production Company, LLC ("FPC"). Our client recently became aware that a dispute between TIFD III-X and FPC had become the subject of the above-referenced litigation. Under a January 1, 2003 Separation Agreement, pursuant to which Richard assigned his 30% interest in FPC, FPC agreed to hold "in trust" Richard's 30% interest in any back-in payment made to FPC pursuant to the FALP agreements. Richard further delegated to FPC authority to negotiate all matters pertaining to the FALP agreements on Richard's behalf. As such, FPC should not be pursuing the case solely in its capacity as a limited liability company. It must also act in accordance with its capacity as trustee and/or agent for Richard's benefit under the terms of the Separation Agreement.

FPC has taken no action to inform Richard of the existence of the litigation, the status of his interest, or the apparent dissolution of the FALP partnership. According to the terms of the trust relationship created by the Separation Agreement, FPC owes Richard certain fiduciary responsibilities, including a duty to preserve the asset entrusted to FPC, the obligation to account for the interest, and the duty to keep Richard reasonably informed as to its status. Because FPC failed to provide even minimum notice of the litigation to Richard, and because the litigation clearly affects the property entrusted to FPC by Richard, we hereby demand on Richard's behalf that such information be provided.

3279806v1
05634/048614

*Detroit, Michigan* ■ *Birmingham, Michigan* ■ *Lansing, Michigan*

Mr. Vernon R. Proctor
Mr. David S. Steefel
February 3, 2004
Page 2

Specifically, we demand that Richard be provided a full accounting of the status of the FALP partnership, copies of all past, present, and future pleadings in the above litigation, and an update as to the status of the litigation, including the substance of any settlement discussions or negotiations to date.   In addition, we expect that Richard will be kept fully informed and up to date as the matter proceeds in the litigation process, in accordance with FPC's continuing fiduciary responsibilities.   Further, we expect that any settlement of the litigation will fairly benefit both Richard and FPC in proportion to their respective interests.

I have been authorized by our client to receive this information on his behalf.   I would happy to discuss this matter if you wish, and I look forward to hearing from you soon.

Very truly yours,

CLARK HILL PLC

Douglas J. Rasmussen

DJR/eac
cc:     Mr. H. Richard Fruehauf, Jr.
         Mr. Gary W. Davis

3279806v1
05634/048614

## HOROWITZ WAKE & FORBES
### A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

3950 REPUBLIC PLAZA
370 SEVENTEENTH STREET
DENVER, CO 80202

PETER C. FORBES
Direct Dial: (303) 572-5108
pforbes@hwfglaw.com

Telephone: (303) 572-5100
Telecopier: (303) 572-5111

November 23, 2004

<u>VIA TELECOPIER — (313) 965-8252</u>

Douglas J. Rasmussen, Esq.
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226

EXHIBIT
tabbies
5

Re:    FPC/TIFD Settlement

Dear Mr. Rasmussen:

We are in receipt of your letter dated November 22, 2004 responding to our correspondence of November 19, 2004. Thank you for your prompt response although we are disappointed by your client's unwillingness to agree to the non-controversial condition which we addressed. We are also disappointed that you have seen fit to sabre-rattle, no matter how politely, by your reference to "other available remedies to protect our client's position".

The following is what we are willing to do. Bear in mind that this exchange of correspondence and our interest in proceeding constructively and efficiently occurs in the shadow of having a signed agreement with General Electric which is fragile and which your client's precipitous action could jettison. In other words, it is strongly in both clients' interests to permit this deal to be closed without further ado.

First, and in accordance with the confidentiality agreement, we enclose a copy of the Agreement with General Electric. Of course, General Electric is an experienced and skilled negotiator and we expect that it may seek some excuse to alter the terms favorable to themselves, before proceeding to a closing. FPC will, of course, respond to any such tactic by General Electric in due course.

Our furnishing you with a copy of this Agreement does not reflect our view that your client is entitled to this document. It merely reflects our view that it would be wiser for all to avoid a dispute over that issue, or related issues.

Second, we fully expect that your client, and his representatives, include counsel, will have no contact whatsoever with General Electric or its representatives. We believe that there is a considerable likelihood that such contact could prevent this deal from being closed. Such a result would, almost invariably, lead to a serious dispute, constituted by the

\\rupert\sys\fruehauf\corresp\other\rasmussen 002.doc plf

Douglas J. Rasmussen, Esq.
November 23, 2004
Page 2

prosecution of claims advanced by our client, and a dispute likely not subject to the arbitration clause.

Third, we fully expect that your client will file no form of proceeding intended to delay or halt the closing called for by the agreement. In such event, your client would be subject to suit by our client. We can not speak for General Electric's response. In any event, the arbitration provision is unlikely to be applicable in any such proceeding.

Fourth, by this accommodation to your client, FPC waives none of its rights, claims or interests which it possesses under its agreement with your client or otherwise. FPC rejects any suggestions or intimations that your client has any of the rights whose existence you have either expressly or implicitly asserted in your correspondence or otherwise in our communications. FPC unqualifiedly rejects any notion that the phrases which refer to FPC "holding in trust" an interest impose any special or different duty upon FPC other than those which might be set forth expressly in the Agreement between the parties. FPC also preserves its position that no allocation ultimately will be called for, given the correct and the sensible interpretation of the agreement between our clients.

Fifth, there is not time, before the closing, to resolve the "allocation dispute".

We will be pleased to exchange with you, should your client persist in his position that an allocation is called for and should an arbitration proceeding take place, our client's position concerning any such allocation, contemporaneously with your informing us of your client's position, and the reasons and bases therefore.

We are hoping that your client understands the sensitivity of this transaction and that he appreciates as well our willingness to furnish you with information, *to wit*, the enclosed agreement, to which he has no contractual or common law right.

Very truly yours,

Peter C. Forbes

pcf/plf
Enclosure
cc: Noel Burke, Esq.
    Mr. Richard Fruchauf
    Jay S. Horowitz, Esq.

\\rupert\sys\fruchauf\corresp\other\rasmussen 002.doc plf

**74625**

%JS-44 (Rev. 3/99)

# CIVIL COVER SHEET

**04-74625**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

H. RICHARD FRUEHAUF, JR.,

**DEFENDANTS**

FRUEHAUF PRODUCTION COMPANY, LLC, a
Michigan Limited Liability Company,

**(b)** County of Residence of First Listed Plaintiff   Palm Beach, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   OTSEGO, Michigan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

CLARK HILL PLC Timothy D. Wittlinger (P22490),Patrick G.
Kruse (P55953) 500 Woodward Avenue, Suite 3500, Detroit,
Michigan 48226-3435 (313) 965-8300

Attorneys RICHARD A. FRIEDMAN

MAGISTRATE JUDGE CAPEL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332, complete diversity of citizenship and amount in controversy in excess of $75,000

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                DOCKET NUMBER

DATE   November 24, 2004

SIGNATURE OF ATTORNEY OF RECORD   P55953

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?          ☐ Yes
                                                                       ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously     ☐ Yes
          discontinued or dismissed companion cases in this or any other   ☒ No
          court, including state court? (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :